**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____ )
                                )
**STEVEN D. OLIVER,**           )
                                )
        **Plaintiff,**          )
                                )
    **v.**                      )       **Civil Action No. 03-2240**
                                )       **(RWR)(DAR)**
**ABDUL PRODUCTIONS II, INC.,** )
        **et al.,**             )
                                )
        **Defendants.**         )
_____ )

<u>**MEMORANDUM OPINION**</u>

While attending an outdoor block party, plaintiff Steven
Oliver sustained a head injury in an attack by strangers.  He
filed suit against the block party's organizers, sponsors and
promoters alleging that their negligence in maintaining security
caused plaintiff's head injury.  Defendants moved for summary
judgment, and Magistrate Judge Deborah A. Robinson recommended
that defendants' motion be granted.  Because Oliver failed to
present evidence in support of the required elements of proof of
negligence claims relating to the criminal acts of third parties,
the magistrate judge's Report and Recommendation will be adopted
and defendant's motion for summary judgment will be granted.

<u>BACKGROUND</u>

Oliver alleges that while he and his friend were attending a
block party, planned to coincide with Howard University's
homecoming weekend, they were attacked by five to seven unknown
persons who were also attending the event.  Oliver sustained a

- 2 -

head injury which required four staples.  Oliver maintains that
defendants' inadequate security, including a failure to subject
patrons to a metal detector prior to entering the event, a
deficient number of security personnel, and a failure to search
patrons before they entered the event, led to Oliver's injury.
Defendants assert that Oliver failed to demonstrate that they
owed him a duty of care because Oliver's injury occurred outside
the defendants' nightclubs, although during defendant's event.
Additionally, defendants argue that because Oliver cannot prove
what caused his injury,[1] no causal relationship exists between
Oliver's head wound and defendants' purported deficient security.
Finally, defendants allege that Oliver cannot meet the heightened
foreseeability requirement imposed on claims resulting from
criminal acts committed by third parties.

The magistrate judge recommended that defendants' motion for
summary judgment be granted because no material facts remain in
dispute,[2] Oliver failed to present evidence that defendants'

---

[1] While Oliver maintains that he was stabbed, the record does
not include a factual basis on which to support the conclusion
that a knife caused his head injury.  In Oliver's deposition, he
admitted that he does not precisely know what caused his injury.
Oliver answered the question, "Do you know what you were stabbed
with?" by responding, "No."  Pl. Dep. at 57.  He also answered
the question, "You don't know what caused the cut, is that
right?" by saying, "I didn't see [any] knife, but what else -
what else could it have been?"  Pl. Dep. at 59-60.

[2] Oliver's Local Civil Rule 7(h) list of material facts in
dispute did not controvert any of defendants' list of material
facts not in dispute.  Therefore, the magistrate judge adopted
defendants' list of material facts not in dispute.

purported deficient security caused his injury, and Oliver has not demonstrated that his injury was foreseeable.  No objection has been filed to the Report and Recommendation.

DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Aka v. Washington Hosp. Ctr., 156 F.3d 1284, 1288 (D.C. Cir. 1998).  The record must be viewed in the light most favorable to the nonmoving party.  See Aka, 156 F.3d at 1288.  The moving party carries the initial burden either to identify evidence that demonstrates the absence of a genuine issue of material fact, see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), or "point[] to the absence of evidence proffered by the nonmoving party."  Baker v. Potter, 294 F. Supp. 2d 33, 38 (D.D.C. 2003).  Summary judgment is inappropriate if a reasonable factfinder could find in the non-moving party's favor.  "The non-moving party's opposition, however, 'must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial.'"  McCain v. CCA of Tenn., Inc., 254 F. Supp. 2d 115, 119 (D.D.C. 2003) (citation omitted); see Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993)

- 4 -

("[M]ere unsubstantiated allegation . . . creates no 'genuine
issue of fact' and will not withstand summary judgment."); Sage
v. Broadway Publ'ns, Inc., 997 F. Supp. 49, 53 (D.D.C. 1998)
("Conclusory allegations made in affidavits opposing a motion for
summary judgment are insufficient to create a genuine issue of
material fact."); Baker, 294 F. Supp. at 38 (nonmoving party may
not rely solely on allegations or conclusory statements).  "If
the evidence 'is merely colorable, or is not significantly
probative, summary judgment may be granted.'"  Baker, 294 F.
Supp. 2d at 38 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 249-50 (1986)).

I.   CAUSATION

     Oliver's only support for his claim that his injury was
caused by a knife is his own supposition.  Oliver admits that he
did not see, nor does he know, what caused his injury.  In light
of Oliver's inability to prove what caused his head injury, he
cannot demonstrate that defendants' supposed deficient security
caused his injury.  Oliver cannot show that had defendants used
metal detectors or searched patrons before they entered the
event, Oliver's injury would not have occurred.  Furthermore,
Oliver has presented no evidence that increased security would
have been able to change the course of the events.  Oliver
testified in his deposition that it was a security guard who
stepped into the fight and restrained him.  It is also undisputed
that the fight which lead to Oliver's injury was spontaneous and

ended quickly.  Accordingly, the magistrate judge properly found that Oliver's negligence claim fails for lack of proof of causation.

II.  FORESEEABILITY

In the District of Columbia, a defendant can be held liable for the criminal acts of a third party only if they are particularly foreseeable.  See e.g., Phillips v. Hope Village, Inc., 2005 WL 1279167, at *4 (D.D.C. May 31, 2005).  For an injury caused by a third party's criminal act, "liability depends upon a more heightened showing of foreseeability than would be required if the act were merely negligent."  Workman v. United Methodist Comm. on Relief of the General Board of Global Ministries of the United Methodist Church, 320 F.3d 259, 262 (D.C. Cir. 2003)(internal citation and quotation omitted). "[T]he plaintiff bears the burden of establishing that the criminal act was so foreseeable that a duty arises to guard against it."  Potts v. District of Columbia, 697 A.2d 1249 (D.C. App. 1997) (internal quotation marks omitted).

The test to determine whether a plaintiff's injury was foreseeable evaluates two issues on a sliding scale: (1) whether the defendant was on notice of the possible harm; and (2) whether a special relationship existed between the parties that lessens the heightened foreseeability requirement.  Workman, 320 F.3d at 263.  First, to meet the notice threshold, plaintiff must provide specific and precise proof that defendants had a "heightened or

increased awareness" of the threat of harm.  Bailey v. District of Columbia, 668 A.2d 817, 822 (D.C. 1985)  Generic information, such as general crime statistics, will not suffice.  Id. at 820. In Bailey, a woman was injured by a gunshot while leaving a sporting event at a high school and sued the District of Columbia for negligently providing security for the event.  Bailey, 668 A.2d at 819.  The court held that plaintiff's evidence that the school was in a high crime area and that shootings had occurred near the school in the past was insufficient to show that the District should have been aware that "some third party's unlawful use of a firearm would cause Bailey's injuries."  Id.; see also Ellis v. Safeway Stores, Inc., 410 A.2d 1381, 1382 (D.C. 1979) (concluding that an "urban crime problem . . . does not put any additional duty on grocery stores to insure the safety of their customers against all harm.")  The court noted that Bailey did not offer evidence of assaults or gun-related violence at similar events held at other schools nor did Bailey offer evidence that guns had been seized or that unauthorized visitors committed any violence at the school.  Bailey, 668 A.2d at 820; but see District of Columbia v. Doe, 524 A.2d 30, 33-34 (D.C. 1987) (holding that evidence of the school's failure to use and maintain its existing security measures which included a security gate, locks on the front and back doors and an intercom system, evidence of unknown men roaming the hallways without having been screened or given visitor passes, and evidence of a recent

outbreak of crime in and near the school grounds, along with the special relationship of a school to its students, could be viewed by a jury as sufficient to show the heightened foreseeability in a case against the District of Columbia for the kidnaping and sexual assault of a grade school student).

Second, "if the relationship between the parties strongly suggests a duty of protection, then specific evidence of foreseeability is less important, whereas if the relationship is not the type that entails a duty of protection, then the evidentiary hurdle is higher." Workman, 320 F.3d at 264.  The United States Court of Appeals for the District of Columbia Circuit has characterized the special relationship as a duty of protection imposed as a matter of policy.  See id. at 263.  The court noted that the District of Columbia Court of Appeals has found such a relationship only between a school and its pupil, because of the school's duty of custodial care, and between a landlord and a tenant, where the landlord was "in the better position to know about security threats and to protect against them."  See id.

The magistrate judge found that Oliver failed to submit specific and precise evidence showing that defendants had an increased awareness of possible harm posed to patrons of the event.  Oliver submitted an affidavit of a crowd management consultant which stated that Oliver's injury was foreseeable based on the high crime rate in the area, "the fact that a large

- 8 -

group of college age patrons" attended the event, and the
consumption of alcohol at the event. (Defs.' Opp'n to Pl.'s Mot.
for Summ. J., Ex. BB, Aff. of Langston L. Clay at 2.)  Oliver
also offered police reports and news reports of past criminal
activity near the site of the block party.  (Id., Ex. I, J, K, L,
M, N1 and N2.)  This evidence alone will not suffice to support
Oliver's claim because it is generic information that cannot
prove the required heightened awareness.  See Bailey, 668 A.2d
at 820.  Oliver offers no admissible proof that the defendants
knew of stabbing assaults, knives seized or other violence at the
event, or similar assaults at other events, especially other
Howard University homecoming events, or proof of any other
combination of factors that would have given the defendants an
increased awareness of the possibility of the assault.  The
magistrate judge properly determined that Oliver failed to prove
that his injury was foreseeable.

    The magistrate judge also found that Oliver failed to allege
that a special relationship existed between the parties.[3]  Nor
has plaintiff proven any special relationship akin to those few
recognized by the District of Columbia Court of Appeals that

_____

    [3] Plaintiff's complaint alleges that defendants owed "a duty
of care to their patrons to protect against unnecessary harm."
(Compl. ¶ 23.)  However, plaintiff offers no authority supporting
the existence of any special relationship here.  Cf. Ellis, 410
A.2d at 1382 (finding no "obligation upon private enterprises
. . . to insure the safety of persons invited to do business with
them").

- 9 -

would make the heightened showing of foreseeability less important.  Absent any allegation or proof of such a special relationship between parties, lessening the heightened foreseeability requirement is not warranted.

<u>CONCLUSION</u>

Oliver cannot prove what caused his injury, or meet the heightened foreseeability requirement imposed on claims for injuries caused by the criminal acts of third parties. Therefore, the magistrate judge's unopposed Report and Recommendation will be adopted, and defendants' motion for summary judgment will be granted.  A final order accompanies this Memorandum Opinion.

SIGNED this 20th day of December, 2005.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge